JOHN VAN ROY, Respondent, v. CLARA MORRIS
HARRIOTT, Appellant.

*Examination of a party before trial — the residence or office address of the applicant's
attorney must be stated in the moving affidavits — Code of Civil Procedure, sec. 877.*

Appeal from an order made at a Special Term denying a motion
to vacate an order requiring the defendant to appear and be exam-
ined as a witness at the instance of the plaintiff before trial.

The court at General Term said : " By the affidavit upon which the
order was made it appeared that an issue of fact had been joined in
the action by the service of the defendant's answer. But neither of
the affidavits contained a statement of the residence or office address
of the plaintiff's attorney. The statement upon this subject was
' that defendant has appeared herein and that I, Albert Englehardt,
of 291 Broadway, New York city, is her attorney.' This was not a
compliance with what has been positively required by subdivision 1,
section 872 of the Code of Civil Procedure, to entitle a party to
the examination of an adverse party as a witness before trial. The
legislature have prescribed precisely what shall be done, and no diffi-
culty whatever can stand in the way of complying with these
requirements. Where that is not done no right to examine the
adverse party in this manner will be made out. (*Dunham* v. *Mer-
cantile Mutual Ins. Co.*, 6 Abb. N. C., 70.)

" In *Beach* v. *Mayor*, etc. (14 Hun, 79), the affidavit upon which
a like order was made was similarly defective, and it was held by the
court to be insufficient to entitle the party to the examination.
This authority is decisive against the order in this case. It was
irregularly made, and it should be reversed with the usual costs and
disbursements."

*A. J. Dittenhoeffer*, for the appellant.

*O'Byrne & Stewart*, for the respondent.

Opinion by Daniels, J. ; Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Order reversed, with costs.